UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ANTHONY BROWN,<br><br>    Petitioner,<br><br>    v.<br><br>DAVID BAUGHMAN,<br><br>    Respondent. | No.  2: 20-cv-1746 JAM KJN P<br><br><br>ORDER |

Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  For the reasons stated herein, respondent is ordered to file briefing addressing petitioner's September 15, 2021 motion for an extension of time to file an opposition to respondent's motion to dismiss.

Background

Respondent filed the pending motion to dismiss on November 6, 2020.  (ECF No. 16.)  On December 9, 2020, petitioner filed his first motion for a sixty-days extension of time to file an opposition to respondent's motion to dismiss.  (ECF No. 21.)  In this motion, petitioner alleged that he was on an extreme modified program with almost no movement and no library access due to COVID-19.  (Id.)  On December 14, 2020, the undersigned granted petitioner's motion for a sixty-days extension of time to file an opposition to the motion to dismiss.  (ECF No. 22.)

On February 5, 2020, petitioner filed his second motion for an extension of time to file an

opposition to respondent's motion to dismiss.  (ECF No. 23.)  In this motion petitioner alleged, in part, that he had limited law library access beginning the week of January 20, 2020, due to COVID 19.  (Id.)  On February 11, 2021, the undersigned granted petitioner a forty-five days extension of time to file an opposition to the motion to dismiss.  (ECF No. 24.)

On March 31, 2021, petitioner filed his third motion for an extension of time to file an opposition to respondent's motion to dismiss.  (ECF No. 25.)  In this motion, petitioner alleged that he had deadlines in other cases.  (Id.)  Petitioner also alleged that he had not been afforded an opportunity to attend the law library and look up case law and make copies of important documents.  (Id.)  On April 5, 2021, the undersigned granted petitioner a sixty-days extension of time to file an opposition to respondent's motion to dismiss.  (ECF No. 26.)  The undersigned ordered that no further requests of extension of time would be granted.  (Id.)

On April 20, 2021, petitioner filed a motion for appointment of counsel.  (ECF No. 27.)  On May 4, 2021, the undersigned denied petitioner's motion for appointment of counsel.  (ECF No. 28.)

On May 13, 2021, petitioner filed a motion for reconsideration of the order denying his motion for appointment of counsel.  (ECF No. 29.)  On June 2, 2021, the Honorable John A. Mendez denied petitioner's motion for reconsideration.  (ECF No. 30.)  On June 7, 2021, petitioner appealed the order denying his motion for appointment of counsel to the Ninth Circuit Court of Appeals.  (ECF No. 31.)  On July 15, 2021, the Ninth Circuit dismissed this appeal for lack of jurisdiction.  (ECF No. 37.)

On July 21, 2021, in relevant part, the undersigned denied petitioner's motion to stay this action pending the Ninth Circuit's resolution of his appeal filed June 7, 2021.  (ECF No. 38.)  The undersigned ordered petitioner to file his opposition to respondent's motion to dismiss within thirty days.  (Id.)  The undersigned ordered that no further extensions of time would be granted.  (Id.)

On August 4, 2021, petitioner filed a motion for extension of time to file his opposition to respondent's motion to dismiss.  (ECF No. 39.)  In this motion, petitioner alleged that on June 22, 2021, he was attacked by other inmates.  (Id.)  Petitioner alleged that he was held in

administrative segregation without his legal property related to this case. (Id.) Petitioner alleged that he had requested his legal property but had not yet received it. (Id.) On August 12, 2021, the undersigned granted petitioner thirty days to file his opposition to respondent's motion to dismiss. (ECF No. 41.) The undersigned ordered that if petitioner was not granted access to his legal property within thirty days, he was to inform the court of his attempts to obtain his legal property, including when his requests were made and to whom. (Id.)

Pending Motion for Extension of Time

On September 15, 2021, petitioner filed the pending motion for a ninety-days extension of time to file an opposition to respondent's motion to dismiss. (ECF No. 42.) In this motion, petitioner alleges that he does not have access to all of his legal documents related to the instant action. (Id. at 2.) Petitioner also alleges that he does not have access to case law. (Id.) It appears that this case law is in petitioner's legal property to which he does not have access. (Id. at 3.) Petitioner alleges that he is still in administrative segregation and allowed only six cubic feet of property. (Id. at 2-3.) Citing Exhibit B, petitioner alleges that he filed a grievance requesting access to all of his legal property. (Id. at 2.)

Exhibit B includes a form titled, "OOG Acknowledgement of Receipt and Closure of Grievance." (Id. at 11.) This form, dated August 17, 2021, states that it concerns Offender Classification. (Id.) This form does not discuss petitioner's alleged denial of access to his legal property.

The undersigned finds that petitioner's September 15, 2021 motion for extension of time fails to address petitioner's attempts to obtain his legal property. Nevertheless, respondent is ordered to file a response to petitioner's claim raised in the pending motion that he is being denied access to his legal property related to the instant action.

Accordingly, IT IS HEREBY ORDERED that within fourteen days of the date of this order, respondent shall inform the court of the status of petitioner's access to his legal property related to the instant action.

Dated: September 22, 2021

Br1746.eot(2)

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE