UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ANTHONY BROWN,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>DAVID BAUGHMAN,<br><br>　　　　　Respondent. | No.  2: 20-cv-1746 JAM KJN P<br><br>ORDER & FINDINGS &<br>RECOMMENDATIONS |

　　　　Petitioner is proceeding, without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On November 6, 2020, respondent moved to dismiss this action as barred by the statute of limitations. (ECF No. 16.) On November 9, 2021, the undersigned granted petitioner thirty days to file a response to respondent's motion to dismiss.[1]  (ECF No. 49.) Thirty days passed and petitioner failed to file a response to the motion to dismiss or otherwise respond to the November 9, 2021 order.  Accordingly, for the reasons stated herein, the undersigned recommends that this action be dismissed for petitioner's failure to prosecute.

　　　　Federal Rule of Civil Procedure 41(b) grants district courts sua sponte authority to dismiss actions for failure to prosecute or for failure to comply with court orders.  Link v. Wabash R.R. Co., 370 U.S. 626, 629-31 (1962); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-63 (9th Cir. 1992).

---

[1]  As reflected in the court docket, the court granted petitioner numerous extensions of time to file his response to the pending motion to dismiss.

1

"District courts have the inherent power to control their dockets and, [i]n the exercise of that power they may impose sanctions including, where appropriate, ... dismissal of a case." Ferdik, 963 F.2d at 1260 (internal quotation marks omitted).

In determining whether to dismiss an action for failure to prosecute or for failure to comply with court orders, a court must weigh five factors: 1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to defendants/respondents; 4) the availability of less drastic alternatives; and 5) the public policy favoring disposition of cases on their merits. Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" Pagtalunan, 291 F.3d at 642) (quoting Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)); see also Valley Eng'rs Inc. v. Elect. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998) ("[W]here a court order is violated, factors 1 and 2 support sanctions[.]"). Petitioner's failure to respond to the motion to dismiss hinders the expeditious resolution of this action. Therefore, this factor favors dismissal.

Courts have "the power to manage their dockets without being subject to the endless vexatious noncompliance of litigants." Ferdik, 963 F.2d at 1261. Petitioner's failure to respond to the November 9, 2021 order directing him to file a response to the motion to dismiss indicates that petitioner does not intend to litigate this action diligently. Consequently, the court's need to manage its docket favors dismissal.

The third factor—the risk of prejudice to respondent—also favors dismissal. See In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d 1217, 1227 (9th Cir. 2006) (citing In re Eisen, 31 F.3d 1447, 1453 (9th Cir. 1994) ("The law ... presumes prejudice from unreasonable delay."); Pagtalunan, 291 F.3d at 643 (Unreasonable "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale."); Yourish, 191 F.3d at 991-92 ("Plaintiffs' paltry excuse for [their] default on the judge's order [to timely amend their complaint] indicates that there was sufficient prejudice to Defendants from the delay that this factor also strongly favors dismissal."). Accordingly, this factor weighs in favor of dismissal.

1       The fourth factor, the public policy favoring resolution of the merits, weighs against
2 dismissing this action. Pagtalunan, 291 F.3d at 643. "At the same time, a case that is stalled or
3 unreasonably delayed by a party's failure to comply with deadlines ... cannot move forward
4 toward resolution on the merits." In re Phenylpropanolamine (PPA) Products Liab. Litig., 460
5 F.3d at 1228. Accordingly, "this factor 'lends little support' to a party [such as Petitioner] whose
6 responsibility it is to move a case toward disposition on the merits but whose conduct impedes
7 progress in that direction." Id.

8       Regarding the fifth factor, it is not clear what sanctions less than dismissal are reasonably
9 available. Were the court to deny the motion to dismiss, it is not reasonable to order respondent
10 to respond to the merits of petitioner's claims if he has no intention of prosecuting this action.
11 For this reason, this factor favors dismissal.

12       After weighing the factors discussed above, the undersigned finds that this action should
13 be dismissed for petitioner's failure to prosecute.

14       Also pending is petitioner's motion to file a second amended petition and motion to stay
15 this action. (ECF Nos. 11, 13.) Respondent opposes petitioner's motion to stay this action on the
16 grounds that petitioner's new claims, raised in the proposed second amended complaint, are also
17 time barred. (ECF No. 18.) Because the undersigned recommends that this action be dismissed
18 for failure to prosecute, the undersigned need not reach the merits of petitioner's motion to amend
19 and motion to stay. Accordingly, these pending motions are vacated.

20       Accordingly, IT IS HEREBY ORDERED that all pending motions (ECF Nos. 11, 13, 16)
21 are vacated; and

22       IT IS HEREBY RECOMMENDED that this action be dismissed for petitioner's failure to
23 prosecute.

24       These findings and recommendations are submitted to the United States District Judge
25 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days
26 after being served with these findings and recommendations, petitioner may file written
27 objections with the court and serve a copy on all parties. Such a document should be captioned
28 "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections,

he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 29, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Br1746.fr

4